UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EL AEMER EL MUJADDID, | |
| Plaintiff, | Civil No. 18-14021 (RBK/AMD) |
| v. | **OPINION** |
| ANDREW BREWER, *et al.*, | |
| Defendants. | |

**Kugler**, United States District Judge:

This matter is before the Court on Plaintiff El Aemer El Mujaddid's motion to remand and relief from judgment or order. (Doc. No. 4.) For the reasons below, Plaintiff's motions are **DENIED**.

## I.   BACKGROUND

The Third Circuit recently summarized the relevant facts in this matter. *See In re Mujaddid*, No. 18-cv-3756, 2019 WL 360052, at *1 (3d Cir. Jan. 29, 2019). As the Third Circuit explained, Plaintiff El Aemer El Mujaddid filed a complaint in the Superior Court of New Jersey, Law Division, Burlington County, against numerous defendants relating to a traffic citation he received. *Id.* Mujaddid alleged, among other things, causes of action under 42 U.S.C. §§ 1983, 1985, and 1986 for the deprivation of his constitutional rights. *Id.* It appears that Mujaddid claimed his procedural and substantive due process rights had been violated, and that his arrest and criminal prosecution violated federal law. *Id.*

The matter was transferred to the Law Division, Camden County, in July 2018, and an amended complaint was filed on August 1, 2018. *Id.* Defendants Andrew Brewer, Josh Rowbottom, Brian Ferguson, Gregg Perr, Susan Graubert, Corey Ahart, Marion Karp, and Westampton Township (collectively, "removing Defendants") removed the case to this Court on September 19, 2018 based on this Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). (Doc. No. 1-1.) The Notice of Removal did not mention whether Defendant Judge Dennis McInerney joined in or consented to the removal. *Id.* The Court thus issued an Order to Show Cause (Doc. No. 12) as to why removal was proper, and removing Defendants timely responded. (Doc. No. 14.)

Plaintiff now opposes the removal and asks the Court to remand the case to state court. (Doc. No. 4 ("Pl.'s Br.").) Invoking Federal Rule of Civil Procedure 60, Plaintiff also asks this Court to "vacate the Order setting an initial conference for 10/23/2018," which Magistrate Judge Donio entered on September 19, 2019. (Pl.'s Br. at 17.)

## II. DISCUSSION

"The removability of a legal matter is determined from the plaintiff's pleadings at the time of removal." *Costa v. Verizon New Jersey, Inc.*, 936 F. Supp. 2d 455, 458 (D.N.J. 2013) (citing *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951)). Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to that federal court with original jurisdiction over the action. Defendants bear the burden of showing that there is federal subject matter jurisdiction in an action removed to federal court under 28 U.S.C. § 1441. *See Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

Here, Defendants properly removed this matter based on the Court's original jurisdiction. Despite Plaintiff's assertions to the contrary, the Complaint raises causes of action asserting that

Plaintiff's civil rights were violated under the United States Constitution. For example, the caption of the removed Complaint notes that Plaintiff seeks relief under 42 U.S.C. §§ 1983, 1985, and 1986, and other portions of the document explicitly state that there have been violations of Plaintiff's "civil rights, including procedural due process, substantive due process, [and] equal protection rights," among other things. (Doc. No. 1-1, Ex. B at p. 4, 6 of 26.) Plaintiff also brings a *Monell* claim. (*Id.* at p. 21 of 26.) Indeed, the Third Circuit's recent decision in this matter confirms this Court's federal question jurisdiction. *See In re Mujaddid*, No. 18-cv-3756, 2019 WL 360052, at *1 (3d Cir. Jan. 29, 2019) (stating that Plaintiff alleged "causes of action under 42 U.S.C. §§ 1983, 1985, and 1986 for the deprivation of his constitutional rights" as well as apparent claims that Plaintiff's "procedural and substantive due process rights had been violated, and that his arrest and criminal prosecution violated federal law").[1]

Plaintiff's arguments in seeking remand fall flat. First, Plaintiff contends that the Court lacks diversity jurisdiction and that the amount in controversy requirement in diversity cases is not met. (Pl.'s Rep. Br. at 1). But such claims are of no moment because the removing Defendants properly removed this matter based on this Court's federal question jurisdiction.

Second, Plaintiff contends that remand is appropriate because Defendant Judge Dennis McInerney did not consent to the removal. (Pl.'s Rep. Br. at 1.) Although the rule of unanimity ordinarily requires all defendants to join in the removal petition, an exception arises "when a non-resident defendant has not been served at the time the removing defendants file their petition." *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985). In response to the Court's Order to Show Cause on this issue, the removing defendants certified that Judge McInerney was not properly served in

---

[1] Insofar as Plaintiff asserts state law claims, they appear to arise from the same "common nucleus of operative fact," and are appropriate under this Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

this case (Doc. No. 13), and thus need not join in the removal.  Regardless, Plaintiff has waived any challenge on this issue, as he did not object to this alleged defect within 30 days of removal.  *See Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 401 n.2 (D.N.J. 2015) ("A violation of the rule of unanimity, however, constitutes a procedural defect subject to waiver if the plaintiff fails to object within 30 days.").  This matter was removed on September 19, 2018; Plaintiff, however, did not raise any rule of unanimity issue until he states that he discussed it with Magistrate Judge Donio "during the Joint Discovery Plan," on October 23, 2018.  (Doc. No. 6.)  Nor did Plaintiff raise the alleged defect to this Court until Plaintiff filed his reply brief on October 29, 2018 in connection with his motion to remand.  (Doc. No. 9.)

Third, Plaintiff contends that removal was not timely filed within 30 days after receipt of service by email and mail.  (Pl.'s Br. at 7; *see also* Pl.'s Rep. Br. at 1); 28 U.S.C. § 1446(b)(1).  In support of this contention, Plaintiff alleges that he served hard copies of the required papers by mail to an individual named George Saponaro, whose website states that he is the Solicitor of Westampton Township.  (Pl.'s Br. at 6.)  But aside from the fact that Plaintiff does not specify when this alleged service occurred, the removing Defendants have certified that Mr. Saponaro is not the Westampton Solicitor and has not represented the Township since 2015.  (Def.'s Br. at Ex. A.)  Thus, Mr. Saponaro is not a proper party to receive service on the Township's behalf.

In further support of his claim that removal was not timely, Plaintiff contends that an uninterested party sent "hard copy and email service" to the New Jersey Division of Law on behalf of several defendants.  (Pl.'s Br. at 7.)  According to the page in the record that Plaintiff cites in making that assertion, the third party served those documents by mail on August 27, 2018.  (Doc. No. 1-1, Ex. C.)  And according to the attachment to the removing defendants' brief, the email to Saponaro occurred on August 21, 2018.  (Defs.' Br. at Ex. B.)  Even assuming that service on the

4

New Jersey Division of Law and email service to Saponaro was proper, the corresponding removal on September 19, 2019 still fell within 30 days of both dates.  Thus, the removal was not untimely.

Finally, Plaintiff claims that removal is not proper because "this matter is not solely nor generally an action brought under the Civil Rights Acts," but instead, "the caption of the complaint clearly provides that this is an Action in Lieu of Prerogative Writs" under state law.  (Pl.'s Br. at 3–4.)  But as the Third Circuit's decision recently recognized, Plaintiff asserts violations of federal law, and thus presents a matter removable based on this Court's federal question jurisdiction.

**III.   CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.  Plaintiff's additional request that this Court vacate Judge Donio's Order of September 19, 2018 setting an initial conference for October 23, 2018 (Doc. No. 2) under Federal Rule of Civil Procedure 60 is **DENIED AS MOOT**.


Dated:  2/27/2019                                                                        /s/ Robert B. Kugler
                                                                                                                            ROBERT B. KUGLER
                                                                                                                            United States District Judge